```
                IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CALVIN FORD,                          :
                                      :
         Plaintiff,                   :
                                      :
    v.                                :
                                      :
EXEL, INC,                            :     CIVIL ACTION
                                      :
         Defendant,                   :     08-cv-1735
                                      :
    V.                                :
                                      :
RANSTAD NORTH AMERICA,                :
                                      :
         Third Party Defendant.       :
```

### MEMORANDUM AND ORDER

Joyner, J.                                        December 17, 2008

Before this Court is Third Party Defendant, Randstad North America's, Motion to Dismiss the Third Party Complaint (Doc. No. 18) and Defendant, Exel Inc.'s, Response in Opposition (Doc. No. 21).

### Background

Plaintiff Calvin Ford, an employee of Randstad North America ("Randstad"), filed a Complaint in the Court of Common Pleas of Philadelphia against Defendant Exel Inc. ("Exel"), claiming that an employee of Exel had caused him personal injury by negligently operating a forklift. Defendant Exel then removed the action to this Court on April 11, 2008, on the basis of diversity, this Court having jurisdiction over the action pursuant to 28 U.S.C. §

1

1332(a).  After removing the case, Exel filed an answer with affirmative defenses, including that Plaintiff Ford was contributorily and/or comparatively negligent.  On September 15, 2008, Exel filed a Third Party Complaint against Randstad, joining them in the action based upon the U.S. Standard Temporary Services Agreement ("the Agreement"), a contract between Randstad and Exel in effect at the time of the accident.  Based on two separate contract provisions contained therein, Defendant Exel has brought a Third Party Complaint against Randstad asking that this Court (I) direct that any and all claims by way of subrogation for payment made by or on behalf of Randstad North America with respect to Calvin Ford's claim for worker's compensation benefits be waived and order Randstad to defend and, if necessary, indemnify Exel from any subrogation claim made by or on behalf of any insurance carrier for Randstad; and (II) require Randstad to defend and, if necessary indemnify, Exel from any and all claims and/or damages arising out of the incident.  Randstad filed a Motion to Dismiss the Complaint for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and Exel responded in opposition.

## **Standard**

In response to a pleading, under Federal Rule of Civil Procedure 12(b)(6), a Defendant may assert by motion that the

Plaintiff's complaint "[fails] to state a claim upon which relief can be granted."  In analyzing a Rule 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'"  <u>Id.</u> at 232 (quoting <u>Bell Atl. Corp. v. Twombley</u>, 127 S. Ct. 1955, 1965, 167 L. Ed. 929, 940 (2007)).  In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action.  <u>Id.</u> at 234.  In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint."  <u>In re Rockefeller Sec. Lit.</u>, 184 F.3d 280, 287 (3d Cir. 1999).

As this case was removed to this Federal District Court from the Court of Common Pleas of Philadelphia based on to diversity, the substantive state law of the Commonwealth of Pennsylvania will apply.  Erie R.R. v. Tompkins, 304 U.S. 64, 78-79 (1938).

## **Discussion**

**Count I: Subrogation**

Exel asks that this Court waive any claims that Randstad or its insurer may have by way of subrogation and find that Ranstad is required to defend and if necessary, indemnify, Exel for "claims made by or on behalf of any insurance carrier for Randstad . . . arising out of or relating to any claim made by or on behalf of plaintiff Calvin Ford." Exel claims that an alleged worker's compensation lien arising out of the incident "indirectly qualifies as an action for Ranstad's insurers to Worker's Compensation benefits." Def. Oppos. Brf.  In support of this contention, Exel offers the subrogation clause of the Agreement which reads as follows:

> With respect to the insurance set forth in this paragraph 4.8, Supplier [Randstad], for itself and its insurers, waives all rights to claims (whether asserted by way of subrogation or otherwise) against Exel Inc. for any loss or damages covered thereby and shall defend and indemnify Exel Inc. from any such actions by its insurers with respect thereto.

Def. Oppos. Brf., Exhibit D at ¶4.8.  Exel offers no further support for its claim that the lien is an indirect action by Randstad's insurer.  Randstad, however, argues that there has been no claim for subrogation against Exel and, as such, that Randstad has no present duty to defend or indemnify Exel.

Generally a lien constitutes a "legal right or interest that a creditor has in another's property" and, in the case of a worker's compensation lien, would constitute a legal right or

4

interest that the worker's compensation insurer has in the proceeds that a plaintiff might recover in an action against a tortfeasor.  Black's Law Dictionary 941 (8th ed. 2004).  At this time, it does not appear to this Court that there is any action against Exel "by [Randstad's] insurers" and, as such, the subrogation provision would not appear to be at issue.  This Court, however, finds that to dismiss Count I at this stage would be inappropriate, as dismissing the count would require this Court to decide whether a worker's compensation lien constitutes a subrogation action within the meaning of the contract, a question not fully discussed by either party.  Additionally, some courts appear to have used the terms subrogation lien, worker's compensation lien and subrogation claim interchangeably and this Court finds further investigation as to this issue is needed.  <u>See</u> <u>Ortiz v. Duff-Norton Co.</u>, 975 F. Supp. 713 (E.D. Pa. 1997) (using the three terms to describe similar items or activities).  Finally, evidence of the alleged worker's compensation lien has not been provided to this Court and this Court is unable to determine whether it has been made and what impact it might have upon the case.  Defendant Exel claims that "according to plaintiff's counsel and plaintiff's responses to Exel's request for production of documents, medical benefits and lost wages have been paid by the worker's compensation carrier."  However, only the cover sheet for "Exhibit E" is contained in Defendant's

appendix, while the document itself is missing.  Further, Exel, without providing the statute, argues that there is a "statutory lien" to recover in Pennsylvania.  In Pennsylvania, insurers do have a right for subrogation against a third party toftfeasor. 77 Pa. Cons. Stat. Ann. § 671 (2008).  However, as no evidence of an actual lien has been presented, it appears that the Defendant is arguing that a claim for subrogation can be inferred after the worker's compensation insurer has paid medical benefits and wage losses arising out of a qualifying incident, and that the carrier does not have to affirmatively file a claim for subrogation to fall under the subrogation clause of the Agreement.  Further argument and discovery are needed to determine if such a "statutory lien" exists and if an affirmative claim must be made to trigger the defense and, if necessary, indemnification of subrogration by Randstad.

This Court declines to dismiss Count I of the Third Party Complaint.

**Count II: Indemnification**

Pursuant to the Pennsylvania Workmen's Compensation Act, an employer generally has statutory immunity from liability for damages, contribution or indemnity in actions at law for injury to their employee.  The relevant provision of the Workmen's Compensation Act states,

> In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

§ 303 of the Pennsylvania Workmen's Compensation Act, 77 Pa. Cons. Stat. Ann. § 481(b). This statute has been interpreted to provide "broad statutory immunity from suit by third parties." Hoffman v. ARCO Mgmt. of Wash., D.C., Inc., No. 04-187, 2005 U.S. Dist. LEXIS 2241, at *10-11 (W.D. Pa. Feb. 9, 2005). "[U]nder this section [Section 303(b)], a third party may not seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the employee's injury, absent an express provision for indemnity in a written contract." Id. (citing Bester v. Essex Crane Rental Corp., 422 Pa. Super. 178, 619 A.2d 304, 306-07 (Pa. Super. 1991)). See also Potts v. Dow Chemical Co., 272 Pa. Super. 323, 325 (Pa. Super. 1979) (citing Hefferin v. Stempkowski, 247 Pa. Super. 366, 372 A.2d 869 (1977)) ("Section 303(b) of the Workmen's Compensation Act bars the joinder of an employer as an additional defendant in an action by an employee against a third

7

party."). Hence, absent an express and specific provision for indemnity in the Agreement, Exel may not seek contribution or indemnity from Randstad. The indemnification provision within the Agreement between Randstad and Exel states,

> Subject to the limitations as hereinafter set forth, Supplier [Randstad] assumes and agrees to indemnify and hold harmless Exel Inc. and its respective officers, agents, and employees to the fullest extent permitted by the law from any loss, liability, fines, penalties, and expenses resulting from any of the following, by whomsoever such claims may be asserted or such accommodations may be requested, including specifically but without limitation, employees of Exel Inc. and of Supplier, including the Employees, Exel Inc. customers, and members of the general public, which claims are based in whole or in part upon any act of omission on the part of Supplier, its agents, servants, or employees, including the Employees, whether or not within the scope of this Agreement:
> (i) claims for bodily injury or death or property loss or damage, . . .

Exel claims that this indemnification provision is such an express provision waiving immunity. However, courts have consistently held that for the clause to waive the immunity for indemnitee's negligence, the contract must *specifically* state as such. "The law has been well settled in this Commonwealth for 87 years that if parties intend to include within the scope of their indemnity agreement a provision that covers losses due to the *indemnitee's own negligence*, they must do so in clear and unequivocal language. No inference from words of general import can establish such indemnification." Ruzzi v. Butler Petroleum Co., 27 Pa. 1, 7 (Pa. 1991) (citing Perry v. Payne, 217 Pa. 252,

66 A. 553 (1907) (emphasis added)). Thus, ". . . [a] contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in unequivocal terms." Perry v. Payne, 217 Pa. 252, 262, 66 A. 553, 553 (1907) (quoting Ruzzi, 527 Pa. at 8, 588 A.2d at 4). Where this specific provision has not been provided, courts have held that the indemnitor would not be liable for injuries suffered by its own employees. See Bester, 422 Pa. Super. at 187 (finding that "[t]he absence of a provision in the hold-harmless clause that lessee [Russell Construction] would indemnify lessor [Essex Crane] against the negligence of lessor in a claim by lessee's employee requires the conclusion that the clause does not meet the requirements of the Workmen's Compensation Act concerning express waiver" and further finding that a prior holding in Szymanski-Gallagher v. Chestnut Realty, 409 Pa. Super. 323, 597 A.2d 1225 (1991), was faulty because it did not require this specific element in assessing whether an indemnification clause waived coverage); Remas v. Duquesne Light Co., 371 Pa. Super. 183, 537 A.2d 881 (1988) (holding that absent this specific provision for the indemnitee's negligence, the indemnification clause at issue did not waive immunity for such claims).

Though the clause at issue does waive certain provisions of the Workmen's Compensation Act and accepts a duty of

9

indemnification for acts or omissions of Randstad or its employees, the clause does not expressly waive the immunity provided by the Workmen's Compensation Act for claims against Exel for negligence, as would be required for Randstad to be liable for indemnification in this instance.  Exel argues that indemnification is required under this clause based on its asserted affirmative defense of contributory negligence.  However, the Agreement is explicit that Randstad has only waived its immunity in regards to "claims based in whole or in part upon any act or omission on the part of Supplier [Randstad], its agents, servants or employees."  Such provisions are to be read strictly and narrowly. See Bester, 422 Pa. Super. at 184 (citing Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc., 404 Pa. 53, 171 A.2d 185 (1961)) ("Case law has established that the indemnity provision in the Workmen's Compensation Act must be construed strictly, and general indemnity language such as 'any or all' or 'any nature whatsoever' is insufficient.").  Hence, Exel's contention that an affirmative defense creates a claim for indemnification is untenable.  The Third Circuit has held that, "it is clear that a defense or affirmative defense is not properly called an "action" or a "claim" but is rather a response to an action or a claim. When a lawyer files a responsive pleading to an action or claim, she does not say that she is bringing an action or filing a claim; instead, she says that she

is answering, responding to, or defending against an action." National Union Fire Ins. Co. v. City Sav., F.S.B., 28 F.3d 376, 393 (3d Cir. 1994). This Court will not rewrite the contract to include the possibility of an affirmative defense of contributory negligence giving rise to waiver of 77 Pa. Cons. Stat. Ann. §481(b) and requiring indemnification and, as such, Defendant has no claim against Randstad for indemnification under the present claim against Exel. See Potts v. Dow Chemical Co., 272 Pa. Super. 323, 327 (Pa. Super. 1979) (rejecting the argument that an additional defendant was liable by "necessary implication" of the contract and refusing to rewrite the terms).[1] "It is for the court, as a matter of law, to determine whether ambiguity exists in a contract." Kiewit E. Co. v. L & R Constr. Co., 44 F.3d 1194, 1199 (3d Cir. 1995) (citing Hutchison v. Sunbeam Coal Corp., 513 Pa. 192, 519 A.2d 385, 390 (Pa. 1986)). Hence, viewing the facts in the light most favorable to Exel, this Court finds that there is no ambiguity in the contract and there is no express provision

---

[1] The Court explicitly held, "[t]he dissenting opinion argues that joinder can be sustained because the written contract contains by 'necessary implication', an agreement whereby [additional defendant] will make 'contribution' in the event that injury to an employee is caused in whole or in part by its own negligence. . . . It is an argument . . . which is untenable. The written contract clearly contains no language by which [additional defendant] has agreed to become liable for contribution to [original defendant] in the event that [original defendant's] negligence causes injury to an employee of [additional defendant]. To insert such a provision in the instant contract by implication is to rewrite the parties' agreement."

for indemnification or defense[2] for claims arising from Exel's alleged negligence; thus, Randstad owes no duty under the indemnification clause to defend or indemnify Exel as to Mr. Ford's claims and Count II is dismissed.

An appropriate Order follows.

---

[2]This Court further notes that the indemnification provision in the Agreement does not contain any mention of a "defense."

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CALVIN FORD,                          :
                                      :
        Plaintiff,                    :
                                      :
    v.                                :
                                      :
EXEL, INC,                            :    CIVIL ACTION
                                      :
        Defendant,                    :    08-cv-1735
                                      :
    V.                                :
                                      :
RANSTAD NORTH AMERICA,                :
                                      :
        Third Party Defendant.        :
```

**ORDER**

AND NOW, this    17th    day of December, 2008, upon consideration of Third Party Defendant, Randstad North America's, Motion to Dismiss the Third Party Complaint (Doc. No. 18) and Defendant, Exel Inc.'s, Response in Opposition (Doc. No. 21), it is ORDERED that the Motion is GRANTED IN PART and DENIED IN PART, as follows:

(1) Third Party Defendant's Motion to Dismiss is GRANTED as to Count II of the Third Party Complaint and Count II is DISMISSED.

(2) Defendant's Motion to Dismiss is DENIED in all other respects.

BY THE COURT:


<u>s/J. Curtis Joyner</u>
J. CURTIS JOYNER, J.