**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CALVIN FORD,                      :
                                  :
        Plaintiff,                :
                                  :
    v.                            :
                                  :
EXEL, INC.,                       :   CIVIL ACTION
                                  :
        Defendant,                :   08-cv-1735
                                  :
    v.                            :
                                  :
RANSTAD NORTH AMERICA,            :
                                  :
        Third Party Defendant.    :

**MEMORANDUM and ORDER**

**Joyner, J.**                                    **June 11, 2009**

    Before this Court is Third Party Defendant Randstad North
America's Motion for Summary Judgment (Doc. No. 27) and Defendant
Exel's Response in Opposition (Doc. No. 28).  For the reasons set
forth, we will grant Third Party Defendant's Motion for Summary
Judgment and dismiss the remaining claim against Third Party
Defendant Randstad.


                        Background

    Third Party Defendant Randstad ("Randstad") and Defendant
Exel ("Exel") entered into a U.S. Standard Temporary Services
Agreement ("Agreement") on September 3, 2004.  In accordance with
the conditions and terms in the Agreement, Exel retained Randstad

                            1

to provide temporary labor services.  Plaintiff Calvin Ford ("Ford") was employed by Randstad and was assigned to work at an Exel warehouse where he was injured in the course of his work. Following this injury, Ford made a Workers' Compensation claim and Randstad's Insurer, in line with the Agreement, provided Workers' Compensation coverage.  Currently, there is a Workers' Compensation lien against Plaintiff Ford totaling $169,858.29. See Third Party Def. Memo., Exh. C.

Ford filed a Complaint on March 4, 2008, in the Court of Common Pleas of Philadelphia against Defendant Exel Inc. ("Exel") only, claiming that an employee of Exel had caused him personal injury by negligently operating a forklift.  Defendant Exel then removed the action to this Court on April 11, 2008, on the basis of diversity –– this Court having jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).  After removing the case, Exel filed an answer with affirmative defenses, including that Plaintiff Ford was contributorily and/or comparatively negligent. On September 15, 2008, Exel filed a Third Party Complaint against Randstad, joining them in the action based upon the Agreement. Based on two separate contract provisions contained therein, Defendant Exel's Third Party Complaint against Randstad asked this Court to (I) direct that any and all claims by way of subrogation for payment made by or on behalf of Randstad North America with respect to Calvin Ford's claim for workers'

2

compensation benefits be waived and order Randstad to defend and, if necessary, indemnify Exel from any subrogation claim made by or on behalf of any insurance carrier for Randstad; and (II) require Randstad to defend and, if necessary indemnify, Exel from any and all claims and/or damages arising out of the incident. Randstad filed a Motion to Dismiss the Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and this Court granted Third Party Defendant's Motion as to Count II of the Third Party Complaint.  Randstad now brings a Motion for Summary Judgment as to the remaining Count of the Third Party Complaint.

<u>Standard</u>

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those that may affect the outcome of the suit.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  If the non-moving party

3

bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." <u>Kaucher v. County of Bucks</u>, 456 F.3d 418, 423 (3d Cir. 2006) (quoting <u>Wetzel v. Tucker</u>, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).

In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. <u>See</u> <u>Nicini v. Morra</u>, 212 F.3d 798, 806 (3d Cir. 2000). However, there must be more than a "mere scintilla" of evidence in support of the non-moving party's position to survive the summary judgment stage. <u>Anderson</u>, 477 U.S. at 252. "'[A]n inference based on speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment.'" <u>Koltonuk v. Borough of Laureldale</u>, 443 F. Supp. 2d 685, 691 (E.D. Pa. 2006) (quoting <u>Robertson v. Allied Signal, Inc.</u>, 914 F.2d 360, 382 n.12 (3d Cir. 1990)).

## Discussion

Randstad and Exel's disagreement centers on a provision in their Agreement which provides:

> With respect to the insurance set forth in this paragraph 4.8, Supplier, for itself and its insurers, waives all right to claims (whether asserted by way of subrogation or otherwise) against Exel Inc. for any loss or damage covered thereby and shall defend and indemnify Exel Inc. from and against any such actions by its insurers with respect thereto.

4

Third Party Def. Memo., Exh. A at ¶ 4.8.  In moving for summary judgment, Randstad argues that this provision of the Agreement specifically requires that Randstad waive all right to claims and defend and indemnify Exel only when claims are asserted against Exel by Randstad or its insurers.  Thus, Randstad argues, as no claim by Randstad or its insurers has been made against Exel, no duty exists.  However, Exel argues that the phrase "and otherwise" would include Randstad's Insurer's Workers' Compensation lien against Plaintiff Ford's profits, in that such a lien should be considered an indirect action against Exel and would trigger the provision.

As parties have argued two interpretations of the provision, the Court must first turn to the provision itself to determine if it is ambiguous.  "Ambiguity is a pure question of law for the court."  American Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, 581 (3d Cir. 1995) (citing World-Wide Rights Ltd. Partnership v. Combe Inc., 955 F.2d 242, 245 (4th Cir. 1992); International Brotherhood of Boilermakers v. Local Lodge D504, 866 F.2d 641 (3d Cir.), *cert. denied*, 493 U.S. 812 (1989); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987)).  To be ambiguous, the contract must be

> capable of being understood in more senses than one;
> an agreement obscure in meaning through
> indefiniteness of expression, or having a double
> meaning. . . . Before it can be said that no
> ambiguity exists, it must be concluded that the
> questioned words or language are capable of (only)

5

one interpretation.

Landtect Corp. v. State Mut. Life Assurance Co., 605 F.2d 75, 80 (3d Cir. 1979) (quoting Gerhart v. Henry Disston & Sons, 290 F.2d 778, 784 (3d Cir. 1961)).  When agreements involve "clear and unambiguous terms, [the court] need only examine the writing itself to give effect to the parties' understanding.  The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation." Champlost Family Med. Practice, P.C. v. State Farm Ins., No. 02-3607, 2002 U.S. Dist. LEXIS 20722, 2002 WL 31424398, at *4 (E.D. Pa. Oct. 29, 2002) (quoting Vaccarello v. Vaccarello,  757 A.2d 909, 914, 563 Pa. 93 (Pa. 2000) and Carosone v. Carosone, 688 A.2d 733, 734-35, 455 Pa. Super. 450 (Pa. Super. 1997)).

We find that the plain language of the provision at hand is clear and unambiguous and that no material fact as to its meaning exists.  Randstad's obligation to waive claims, indemnify, and/or defend is only in relation to "claims . . . against Exel."  A claim for subrogation against the profits that Mr. Ford could be awarded in his claim against Exel, i.e. the Workers' Compensation lien, is not a claim against Exel.  Exel has attempted to stretch the meaning of the term "otherwise" within the provision to include the lien against Mr. Ford; however, this term is clearly contained within the parenthetical that describes a claim against Exel.  No matter how the "claim" is described, it must, by its

6

plain meaning, still be a *claim against Exel* and this Court holds that a Workers' Compensation lien against the potential proceeds of Plaintiff Ford who has a claim against Exel is, by definition, not a claim by Randstad or Randstad's insurers against Exel.

Exel has not supported its assertion that a claim against plaintiff, Calvin Ford's, potential proceeds is an indirect claim against Exel itself with any case law and we can find no support for this assertion in Pennsylvania statutes or common law.  While Ranstad's insurers do have a statutory right to subrogate against a third-party tortfeasor pursuant to 77 Pa. Const. Stat. Ann. § 671 (2008), the fact that Randstad or its insurers may have a statutory right to make a claim cannot be construed as a claim itself when no such claim against Exel has actually been made. Finally, as to Randstad's insurer's lien against Ford's potential proceeds, " . . . the statute granting subrogation 'clearly and unambiguously' provides that the employer 'shall be subrogated' to the employee's right of recovery."  Brubacher Excavating, Inc. v. Workers' Compensation Bd., 835 A.2d 1273, 1275, 575 Pa. 168, 171 (2003).  This is a firmly established rule involving employer and employee and we decline to allow Exel to force Randstad's insurer to waive its lien against Calvin Ford's proceeds, or indemnify and/or defend Exel, when no claim against Exel has been made by Randstad or its insurers.

The contract language at issue is unambiguous and it follows

that as a matter of law Randstad would owe a present duty to defend or indemnify Exel only if there were an action against Exel by Randstad or its insurers.  Similarly, Randstad and its insurers cannot waive any claims against Exel because none currently exists.  As there is no action by Randstad or its insurers against Exel, there is no present duty under the provision in the Agreement.  Thus, Count I of the Third Party Complaint is dismissed.  An appropriate Order follows.